IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00308-CR

 

Jeromy Alan Rosenbaum,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2003-514-C

 



MEMORANDUM 
Opinion



 








          Jeromy Alan Rosenbaum was convicted of the offense of
Evading Arrest or Detention with a Motor Vehicle (Enhanced).  The jury assessed his punishment at eleven
years in prison.  We affirm.

          In
one issue, Rosenbaum contends the trial court erred in overruling his motion
for mistrial made in response to two allegedly improper jury arguments made by
the State during argument at the punishment phase.  During the State’s opening argument, the
prosecutor argued that Rosenbaum had “[n]o respect for his mother, because he pulled
a knife out on her.”  During the State’s
closing argument, another prosecutor argued that a prior victim of Rosenbaum
was “[a] total stranger,” and that Rosenbaum not only attacked family members
but also “total strangers too.” 
Rosenbaum objected to both statements and both objections were
sustained.  The trial court gave
essentially the same instruction at each instance, that is, to disregard the
statement of counsel “for any purpose whatsovever.”  Rosenbaum’s motions for mistrial were
overruled.

          When
the trial court sustains an objection and grants a request for an instruction
for the jury to disregard but denies the motion for mistrial, the issue becomes
whether the trial court erred in denying the mistrial.   Foster
v. State, 25 S.W.3d 792, 798 (Tex. App.—Waco 2000, pet. ref’d).  The trial court's decision can be error only
if the argument is extreme, manifestly improper, injects new and harmful facts
into the case or violates a mandatory statutory provision and was thus so
inflammatory that its prejudicial effect cannot be reasonably removed from the
minds of the jury by an instruction to disregard.  Id.

          The
State’s arguments were neither extreme nor manifestly improper.  The arguments also did not violate a
mandatory statute.  These arguments only
injected new facts to the extent that the information and judgment of
conviction of terroristic threat, which was
introduced into evidence, did not show a knife was used against Rosenbaum’s
mother, nor did the evidence show that a prior victim was a total stranger.  The evidence shows that the victim was not
any relation to Rosenbaum and that Rosenbaum was convicted of assaulting that
victim with a pipe.  These “new” facts
were not so inflammatory that the prejudicial effect, if any, could not be
reasonably removed from the minds of the jury by an instruction to disregard.

          Thus,
assuming without deciding the arguments were improper, the instructions given
by the trial court cured the prejudicial effect, if any.  Rosenbaum’s sole issue is overruled, and the
trial court’s judgment is affirmed.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

Affirmed

Opinion
delivered and filed January 5, 2005

Do
not publish

[CR25]